comply with the section, health officers must forward to the Commissioner information tending either to satisfy him in regard to the three subjects involved or on the other hand, to indicate that the facts gathered are not such as would warrant his satisfaction. In either event the health officer must forward the information contemplated by the section to the Commissioner. The local health officer should have a reasonable time within which to assemble and forward the information, and upon receipt of the Commissioner's indication of satisfaction or nonsatisfaction as to the three subjects, either grant or deny the application, providing of course that health and sanitation requirements are met. (Appeal from order of Oswego Special Term annulling the action of the Health Officer of Oswego, directing that a permit be issued to petitioner to distribute milk and milk products in Oswego obtained from the plant of Byrne Dairy, Inc., and remitting the application of petitioner for a permit to distribute milk, etc., obtained from the Dairymen's League Co-op. Assn. for further proceedings.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ In the Matter of P & C FOOD MARKETS, INC., Respondent, v. F. EDWARD FOX, as Health Officer of the City of Fulton, Appellant.— Same decision and like cause of action as in companion case of *Matter of P & C Food Markets* v. *Grant* (12 A D 2d 881).

■ ERIE COUNTY BOARD OF SOCIAL WELFARE, Respondent, v. DAVID DON- NELLY, Appellant.— Judgment unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment of Erie Children's Court, adjudging defendant to be the father of the infant child of complainant and directing him to contribute to its support.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ In the Matter of EDWARD SIMMONS, as Member of the Board of Appeals, Town of West Seneca, Appellant, v. CHESTER GERMAINE et al., Constituting the Town Board of the Town of West Seneca, Respondents.— Order unani- mously affirmed, without costs of this appeal to any party. (Appeal from order of Erie Special Term denying petitioner's motion in Proceeding 3 to direct the Town Board of West Seneca to appoint counsel to defend. Proceedings Nos. 1 and 2.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ JAMES A. HUGHES, Appellant, v. MELVIN D. BEECHER, Respondent.— Judgment unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment of Niagara Trial Term for defendant for no cause of action in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ MELVIN BEECHER, Appellant, v. JAMES A. HUGHES, Respondent.— Judgment unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment of Niagara Trial Term for defendant for no cause of action in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ JAMES A. HUGHES, Appellant, v. MELVIN D. BEECHER, Respondent.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Niagara Special Term denying plaintiff's motion to set aside the verdict of no cause of action on the ground of newly discovered evidence.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ MELVIN BEECHER, Appellant, v. JAMES A. HUGHES, Respondent.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Niagara Special Term denying motion by plaintiff to set aside the verdict of no cause of action on ground of newly discovered evidence.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.